(No. 2920—

REV. D. FRANCIS RYAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 8, 1936.*

Z. H. KADOW, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

On June 23, 1936, claimant filed his claim with the clerk of this court, alleging that on November 15, 1935, at 7:15 p. m., he was properly driving his Ford V8 coupe, in a northerly direction on North Elston Avenue in the City of Chicago, and while driving along, in the exercise of due care and caution for his own safety, and the safety of his property, he was compelled to drive to the left side of the northbound roadway to allow a siren-equipped police car which was traveling at a high rate of speed, to-wit: 40 miles per hour, to pass him; that while driving back into the right lane

of the northbound roadway, claimant's automobile struck certain debris, which had been piled there, causing the left rear side of his car to strike the abutment of the viaduct; that the place was not lighted and contained no danger signals; that the automobile was turned over and damaged to the sum of $322.50, and the claimant himself was considerably bruised and hurt; that the total claim for damage to the automobile and medical expenses, amounts to the sum of $447.50.

The Attorney General has filed a motion to dismiss on the grounds that in the construction and maintenance of roads, the State acts in its governmental capacity, that is, the State is exercising its sovereign powers. The State can act only through its officers and employees, and if such officers and employees perform their duties in a negligent manner, the negligence is the negligence of the officer, and not of the State.

We have held many times that under such circumstances, the State is not liable. These principles of law are so thoroughly established that citation of law would seem unnecessary.

> *Chumbler* vs. *State*, 6 C. C. R. 138.
> *Martin & Kellerman* vs. *State*, 8 C. C. R. 417.
> *Walen* vs. *State*, 8 C. C. R. 501.
> *Rehman* vs. *State*, 8 C. C. R. 556.

For that reason, this claim must be dismissed.